IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CECIL WEATHERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 09-3280 |
| | ) |
| GEM CITY ACCOUNT | ) |
| SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |

# OPINION

This matter comes before the Court on Defendant Gem City Account Service, Inc.'s (Gem City) Motion to Dismiss (d/e 17) (Motion). The Plaintiff Cecil Weathers alleges that Defendant Gem City is a debt collector that violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA), by attempting to collect a debt that he did not owe. Gem City moves to dismiss. For the reasons set forth below, the Motion is denied.

## STATEMENT OF FACTS

For purposes of the Motion, the Court accepts as true all well-pleaded factual allegations in Weathers' Corrected Amended Complaint (d/e 16) (Complaint). Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir.

1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).  The Court views the facts in the light most favorable to the non-moving party, Weathers.

Weathers alleges that on March 31, 2006, he was in an automobile accident in which he broke his neck.  He was taken to Blessings Hospital in Quincy, Illinois.  The State of Illinois Medicaid Program (Medicaid) assumed responsibility for paying Weathers' medical bills.  Complaint, ¶¶10-12.

On April 22, 2008, Gem City contacted Weathers asking him to pay $606.00 (Debt) for medical services rendered by Dr. Ronald D. Wheeler while Weathers was in Blessings Hospital in April 2006.  Gem City was a debt collector acting on behalf of Dr. Wheeler.  Weathers did not remember being treated by Dr. Wheeler.  Weathers, furthermore, had never received a bill from Dr. Wheeler.  Weathers told Gem City that Medicaid paid his medical bills and he was not responsible for paying the Debt.  Id., ¶¶ 13-15.

On November 5, 2008, Weathers sent a Medicaid Claim Inquiry to the Illinois Department of Public Aid (Department). Complaint, Exhibit A, Medicaid Claim Inquiry.  Weathers asked the Department to determine if Dr. Wheeler's bill should have been paid.  Weathers identified the dates of

service as April 3, 2006, through April 25, 2006. Id.

In response to the inquiry, the Department sent a letter dated November 12, 2008, to Dr. Wheeler with a copy to Weathers. Complaint, Exhibit B, Letter dated November 12, 2008 (First Letter). The First Letter stated, in part:

> The claim for payment was not timely and/or properly submitted by the provider to the Department for reimbursement. If the provider accepted you as a Medicaid recipient, the provider may not bill, demand or otherwise seek reimbursement from you.

First Letter. The First Letter then summarized the pertinent notes from the review of the Department's records:

> On voucher 2008128A487 for date of service 04/03/2006. On voucher 2006361G107 for date of service 04/04/2006. On voucher 2008128A487 for date of service 04/05/2006 and 04/12/2008 and 04/25/2006. The error found for all these date(s) of service was: D-05
>
> The found for all these date(s) of service was: D-05 submitted later than one year after date of service.

Id. Some time after receiving a copy of the First Letter, Weathers informed Gem City representatives that the Department had disallowed Dr. Wheeler's charges, but Weathers was filing an appeal. Complaint, ¶ 18.

On April 1, 2009, the Department sent a second letter to Dr. Wheeler

3

regarding the inquiry of his charges for his treatment of Weathers. Complaint, Exhibit C, Letter dated April 1, 2009 (Second Letter). The Second Letter again stated that the claim "was not timely and/or properly submitted." Id. The summary of the notes from the review of the Department records stated:

> The Information is on voucher 2008247A505. The error found was: D-05 submitted later than one year after service.

Id.

On or about April 21, 2009, Weathers visited the offices of Gem City. Weathers informed Gem City employee Lorna Gilligan that his appeal had been denied. Weathers told Gilligan that according to the Department, he was not responsible for the Debt. Weathers told Gilligan that any continued attempt to collect the Debt from him would be a violation of the FDCPA. Gem City, however, continued to try to collect the Debt. Gem City representatives telephoned Weathers on September 8, 2009, and October 15, 2009, for the purpose of attempting to collect the Debt. Complaint, ¶¶ 21-23. Weathers then filed this action for violation of the FDCPA.

ANALYSIS

Gem City moves to dismiss the Complaint for failure to state a claim. To overcome the Motion, the Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and the allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While the Complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if Weathers "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). A claim is plausible on its face if it provides Gem City fair notice of what the claim is and the grounds upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007). Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007). Under this standard, the Complaint states a claim for a violation of the FDCPA.

Congress passed the FDCPA to "eliminate abusive debt collection practices." 15 U.S.C. § 1692. The FDCPA is liberally construed to achieve its purpose of protecting "the unsophisticated consumer." Horkey v. J.V.D.B. & Associates, Inc., 333 F.3d 769, 773 (7th Cir. 2003); Ramirez v. Apex Financial Management, LLC, 567 F.Supp.2d 1035, 1040 (N.D. Ill. 2008). Among other things, the FDCPA prohibits debt collectors from using false and misleading representations and unfair practices to collect a debt. 15 U.S.C. §§ 1692e & 1692f. The FDCPA specifically prohibits the use of a false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

When read favorably to Weathers, the Complaint alleges that Gem City misrepresented the legal status of the Debt, in violation of § 1692e(2)(A).[1] The Complaint alleges that Weathers did not owe the Debt because Medicaid was responsible for payment of his medical bills, including the Debt, and Dr. Wheeler could not collect any money from Weathers for those services. Furthermore, the Department wrote Dr. Wheeler and told

---

[1] Weathers' allegations that Gem City misrepresented the legal status of the Debt, alone, demonstrate that his claim for relief is above a speculative level. See Ashcroft, 129 S.Ct. at 1949. The Court, therefore, does not need to address Weathers' allegations regarding other possible misleading or unfair collection practices at this time.

6

him that Weathers did not owe the Debt, and Weathers told Gem City employee Gilligan that he did not owe the Debt. In spite of this, Gem City contacted Weathers and asked him to pay the Debt. By asking Weathers to pay the Debt, Gem City asserted that he owed the Debt. When read favorably to Weathers, such an assertion misrepresented the legal status of the Debt in violation of FDCPA § 1692e(2)(A).

Gem City argues that the Complaint does not state a claim because Weathers does not allege that Dr. Wheeler accepted Weathers as a Medicaid patient. Gem City notes that Dr. Wheeler must first accept someone as a Medicaid patient before he is prohibited from collecting directly from the patient for his services. Motion, at 3. Gem City argues that the Complaint alleges that Medicaid assumed responsibility for payment of the medical services that Weathers received in April 2006, but does not allege that Dr. Wheeler accepted Weathers as a Medicaid patient.

Gem City's argument is not persuasive. The Complaint sufficiently alleges that Dr. Wheeler accepted Weathers as a Medicaid patient. A health care provider accepts a patient as a Medicaid patient in one of three ways: (1) the provider affirmatively tells the patient that the provider will accept Medicaid as payment in full; (2) the patient presents the provider with his

7

Medicaid card and the provider does not require other payment arrangements; or (3) the provider bills the Department for reimbursement of covered medical services. 89 Ill. Adm. Code §§ 140.12(i)(1)(A), (B), and (C). The First and Second Letter, attached to the Complaint, state that three vouchers were submitted to the Department for payment of Dr. Wheeler's medical services: vouchers 2008128A487, 2006361G107, and 2008247A505 for services on April 3, 4, 5, 12, and 25, 2006.[2] The reference to the vouchers is sufficient, for purposes of the Motion, to allege that Dr. Wheeler billed the Department for Medicaid reimbursement for his services rendered to Weathers. Because Dr. Wheeler allegedly billed the Department, he accepted Weathers as a Medicaid patient, and Weathers did not owe anything personally for the services rendered.

     Gem City also argues that the Complaint fails to allege that Gem City used any false representations or unfair methods to try to collect the Debt. The Court again disagrees. According to the Complaint, the Department told Dr. Wheeler that Weathers did not owe the Debt, and Weathers told Gem City employee Gilligan that he was not obligated to pay the Debt, yet

---

[2]The First and Second Letter are part of the Complaint for all purposes. Fed. R. Civ. P. 10(c).

Gem City representatives still called Weathers to ask him to pay the Debt. By asking him to pay the Debt, Gem City's representatives asserted that Weathers owed the Debt. When read in the light most favorably to Weathers, such a representation would be false and would misrepresent the legal status of the Debt in violation of § 1692e(2)(A). The Complaint states a claim.

Gem City also argues that this case is controlled by the decision in Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC. Beler, 480 F.3d 470 (7th Cir. 2007). In Beler, the attorney for a judgment creditor issued a citation to discover assets to a bank in which the judgment debtor had an account. The citation notice stated that the bank should not release exempt assets to the judgment creditor. The bank froze the account for 23 days until the judgment debtor asserted that all of the funds in the account were exempt under the Social Security Act, and the attorney for the judgment creditor released the citation lien on the account. Beler, 480 F.3d at 472. Beler sued the attorney for violation of the FDCPA. The Seventh Circuit stated that the attorney had not violated the FDCPA. The Seventh Circuit stated that the FDCPA cannot be used to enforce the rules or other statutes, such as state collection law procedures or Social Security Act rules on

exempt property.  Id., at 474.  Essentially, a party cannot state a claim under the FDCPA by alleging a violation of procedures established by other laws, whether federal or state.

Weathers, however, does not allege that Gem City violated Medicaid procedures.  Rather, Weathers alleges that Medicaid regulations controlled the legal status of the Debt.  Section 1692e(2)(A) states that a collector may not misrepresent the legal status of a debt.  This provision necessarily puts at issue the legal status of a debt.  Contract law or other state or federal law will always govern the legal status of a debt.  In this case, Weathers alleges that he did not owe the Debt because the governing state and federal Medicaid laws and regulations stated that he did not owe the Debt.  He told Gem City employee Gilligan that he was not obligated to pay the Debt, yet Gem City representatives persisted in contacting him and claiming that he owed the Debt.  When read favorably to Weathers, the Complaint alleges that Gem City misrepresented the legal status of the Debt, in violation of § 1692e(2)(A).  Weathers states a claim.  Beler is not controlling.

THEREFORE, the Defendant's Motion to Dismiss (d/e 17) is DENIED.  Gem City is directed to file an answer by September 10, 2010.

ENTERED this _13th_ day of August, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE